1

2                      UNITED STATES DISTRICT COURT

3                            DISTRICT OF NEVADA

4

5    United States of America,                  Case No. 2:21-cr-00127-CDS-BNW-1

6              Plaintiff

7    v.                                          **Order Denying Defendant's Motion to
                                                 Dismiss**
8    Barry Ray Knight,
                                                 [ECF No. 56]
9              Defendant

10

11         Defendant Barry Ray Knight moves to dismiss count one of the superseding indictment

12   against him, arguing that the government engaged in vindictive prosecution by "threaten[ing] to

13   file enhanced charges if . . . Knight filed a motion to compel, and then executed that threat." Mot.

14   to Dismiss, ECF No. 56 at 2. The government opposes Knight's motion and asserts that it "only

15   made good on a[n] expressly noticed repercussion of Knight's decision to refuse any potential

16   for plea bargaining" and that "there is no punitive motivation" in the government's decision to

17   seek a superseding indictment. Opp. to Mot., ECF No. 59 at 1–2. I find that Knight has

18   established a presumption of vindictiveness. I also find that the government has rebutted that

19   presumption by demonstrating that it repeatedly warned Knight that it would seek a

20   superseding indictment if the case did not resolve via negotiations and that the filing of any pre-

21   trial motion would be interpreted as a rejection of negotiations. I therefore deny Knight's motion

22   to dismiss, and this case will now proceed to trial on both counts.

23         I.     **Legal standard**

24         "A prosecutor violates due process when he seeks additional charges solely to punish a

25   defendant for exercising a constitutional or statutory right." *United States v. Gamez-Orduno*, 235

26   F.3d 453, 462 (9th Cir. 2000) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)). "To

1 | establish a presumption of vindictiveness, [Knight] need not show 'that the prosecutor acted in

2 | bad faith' or that he 'maliciously sought'" the indictment. *United States v. Jenkins*, 504 F.3d 694, 699

3 | (9th Cir. 2007) (quoting *United States v. Groves*, 571 F.2d 450, 453 (9th Cir. 1978); citing *United*

4 | *States v. Ruesga-Martinez*, 534 F.2d 1367, 1369 (9th Cir. 1976)). Knight must show, rather, that there

5 | is a reasonable likelihood of vindictiveness or must produce direct evidence of the prosecutor's

6 | punitive motivation. *Id.* (citing *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1169 (9th Cir. 1982)

7 | ("[T]he appearance of vindictiveness results only where, as a practical matter, there is a realistic

8 | or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility

9 | or a punitive animus towards the defendant because he has exercised his specific legal rights.")).

10 | If the defendant establishes a presumption of vindictiveness, then the burden shifts to the

11 | government to rebut that presumption with "objective evidence justifying the prosecutor's

12 | action." *United States v. Brown*, 875 F.3d 1235, 1240 (9th Cir. 2017) (quoting *United States v. Goodwin*,

13 | 457 U.S. 368, 376 n.8 (1982)). "The presumption may be found more readily when the same

14 | conduct forms the basis for both indictments, but this is not essential to a showing of

15 | vindictiveness." *United States v. Garza-Juarez*, 992 F.2d 896, 907 (9th Cir. 1993) (citing *United States*

16 | *v. Robison*, 644 F.2d 1270, 1272–73 (9th Cir. 1981)).

17 |         "Vindictiveness claims are, however, evaluated differently when the additional charges

18 | are added during pretrial proceedings, particularly when plea negotiations are ongoing, than

19 | when they are added during or after trial." *Gamez-Orduno*, 235 F.3d at 462 (citations omitted).

20 | "Particularly when a vindictiveness claim pertains to pretrial charging decisions, the Supreme

21 | Court urges deference to the prosecutor." *United States v. Brown*, 875 F.3d 1235, 1240 (9th Cir.

22 | 2017) (citing *Kent*, 649 F.3d at 913; *Goodwin*, 457 U.S. at 381).

23 |

24 |

25 |

26 |

2

1    II.    Background

2        On April 9, 2021, the government brought a complaint against Knight, charging him with

3    one count of possession of child pornography under 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

4    ECF No. 1; ECF No. 56 at 3. Then on May 5, 2021, Knight was indicted by a grand jury under

5    that same charge, and because Knight has a prior qualifying offense, the charge carries with it a

6    ten-year mandatory minimum sentence. ECF No. 15; ECF No. 56 at 3. After the indictment was

7    returned, Knight's prior counsel and current counsel "sought information from the government

8    related to Torrential Downpour," which is a "law enforcement software which scours peer-to-

9    peer information sharing software and flags potentially illegal files." ECF No. 56 at 3–4. Knight

10   and the government also engaged in plea bargaining, and the government made a written plea

11   offer on September 20, 2021, which Knight rejected. *Id.* at 4; ECF No. 56-1 at 2.

12       In May 2022, the government emailed Knight's counsel and reminded him that it had

13   "advised [Knight's prior counsel] that, although Mr. Knight was initially indicted on possession

14   of child pornography, that [it was] considering returning to the grand jury and presenting

15   charges of distribution or receipt of child pornography." ECF No. 56 at 4; ECF No. 59-1 at 4. This

16   correspondence also indicated that the government had informed Knight's prior counsel, and

17   told Knight's counsel now, "that any pretrial motions (including discovery related) will be

18   understood as a rejection of possible negotiation of the pending charges." ECF No. 59-1 at 4. And

19   the government noted that the potential distribution charge would be based on the same

20   evidence as the initial charge: "the forensic examination of the devices seized during the search

21   warrant" execution. *Id.*

22       The parties stipulated to continue pretrial motion deadlines so they could attempt to

23   resolve the ongoing discovery requests related to Torrential Downpour. ECF Nos. 41, 44. The

24   government then sent a letter to Knight on September 19, 2022, again informing Knight that it

25   "intend[ed] to re-present the matter to the grand jury for a superseding indictment charging

26   [r]eceipt of [c]hild [p]ornography" if Knight filed a motion to compel. ECF No. 56 at 5. About a

1  week later, Knight filed such a motion, which the government responded to on October 4, 2022.

2  ECF No. 45; ECF No. 49. In its response, the government again "reiterated its plan" to seek a

3  superseding indictment, and the next day, the government did so. ECF No. 49 at 6; ECF No. 50.

4  The additional charge carries a fifteen-year mandatory minimum sentence, thus potentially

5  adding five years to Knight's sentence. ECF No. 56 at 5.

6     **III.    Discussion**

7     Knight asserts that he "brings this current motion as a result of the government's

8  impermissible motivation in increasing his sentencing exposure." *Id.* And he takes particular

9  issue with the timing of the government's superseding indictment: "[T]he fact that the

10  government *only* superseded once Mr. Knight filed the [m]otion to [c]ompel indicates that the

11  true motivation was to file a superseding indictment in response to" the motion. Knight's Reply,

12  ECF No. 63 at 6. Knight further contends that "[t]he government cannot [] avoid the

13  consequences of a vindictive prosecution by simply mentioning plea negotiations in the same

14  breath as it discusses pretrial motions." *Id.* at 10. And Knight urges me to rely on two Ninth

15  Circuit cases: *United States v. Hollywood Motor Car Co., Inc.*, 646 F.2d 384 (9th Cir. 1981), and *United*

16  *States v. De Marco*, 550 F.2d 1224 (9th Cir. 1977). *Id.* at 3–5; ECF No. 63. Knight argues that the

17  government does not address either case in its response, which is true, despite Knight's

18  discussion of both in his motion. *See* ECF Nos. 56, 59. Instead, the government relies on *United*

19  *States v. Gamez-Orduno*, 235 F.3d 453, 462 (9th Cir. 2000), and argues that "no presumption of

20  vindictiveness should apply, because the new charges were sought after the breakdown of plea

21  negotiations," which terminated in September 2022—shortly before the government sought a

22  superseding indictment—not October 2021, as Knight argues. ECF No. 59 at 7.

23     The United States Supreme Court ultimately vacated the Ninth Circuit's decision in

24  *Hollywood Motor Car* on jurisdictional grounds and did not reach the merits of the court's

25  vindictive prosecution analysis. *United States v. Hollywood Motor Car Co., Inc.*, 458 U.S. 263 (1982);

26  *see United States v. Love*, 2011 WL 1326013, at *3 n.1 (S.D. Cal. 2011) (relying on *Hollywood Motor Car*

4

1  because its "holding rested directly on *United States v. DeMarco*, . . . which has never been

2  expressly overruled."). Like the Southern District of California in *Love*, I look to both *Hollywood*

3  *Motor Car* and *DeMarco* here. *Love*, 2011 WL 1326013, at *3. In *DeMarco*, the Ninth Circuit affirmed

4  the district court's decision to dismiss a superseding indictment that the government sought

5  after the defendant moved to change venue. *DeMarco*, 550 F.2d at 1227–28. The *DeMarco* court

6  relied on *North Carolina v. Pearce*, 395 U.S. 711 (1969), and *Blackledge v. Perry*, 417 U.S. 21 (1974),

7  concluding that the right that Love tried to exercise had "due process overtones" and that the

8  government's decision to seek a superseding indictment after he exercised that right created the

9  "appearance of vindictiveness" that could "chill[] the exercise of such rights by other defendants

10  who must make their choices under similar circumstances in the future." *Id.* And in *Hollywood*

11  *Motor Car*, the Ninth Circuit found that the case "f[e]ll[] under this court's ruling in [*DeMarco*]"

12  and the prosecutors' threats to file additional charges—and their follow through on those

13  threats—"establish[ed] a case of vindictive prosecution." *Hollywood Motor Car*, 646 F.2d at 388.

14  Neither case came down to the timing of the government's superseding indictments, and both

15  involved a different right than is involved here: venue.

16       In *Garza-Juarez*, the prosecutor threatened to withdraw a plea offer if the defendant

17  proceeded with filing a motion to dismiss for outrageous government conduct. *Garza-Juarez*, 992

18  F.2d at 907). Once that motion was filed, the government "followed through on this threat" and

19  sought a superseding indictment. *Id.* The Ninth Circuit found that the defendant "made 'an

20  initial showing that charges of increased severity were filed because the accused exercised a

21  statutory, procedural, or constitutional right in circumstances that give rise to an appearance of

22  vindictiveness.'" *Id.* at 907 (citing *Gallegos-Curiel*, 681 F.2d at 1168). I reach the same conclusion

23  here and find that Knight has established a presumption of vindictiveness because the

24  prosecution did not seek additional charges until after Knight exercised a right and because the

25  additional charge was not based on an intervening circumstance or new information. The

26  government itself admitted repeatedly in its communications to Knight that the threatened

1  charge would be based on the same information as the initial charge was. *See* ECF No. 59-1 at 4.

2  The burden thus shifts to the government to rebut the vindictiveness presumption.

3      The government contends that it did not vindictively prosecute Knight because it

4  warned him repeatedly for months leading up to the superseding indictment that the filing of a

5  pretrial discovery motion would "be understood as a rejection of possible negotiation of the

6  pending charges." ECF No. 59-1 at 4. Indeed, it is the government's communication with

7  Knight's counsel from May 31, 2022, rebuts the presumption of vindictiveness. As summarized

8  in that email, the government was contemplating adding an additional charge at the time that it

9  initially sought an indictment against Knight, but it wanted to give the defendant an

10  opportunity to resolve the case before doing so. *Id.*

11      The government's communication from September 15, 2022, also rebuts the presumption

12  of vindictiveness. *See* ECF No. 59-3 at 2. In this email, the government asked Knight's counsel

13  one final time "if [his] client was interested in a plea agreement or if he wanted to file a motion

14  to compel/go to trial." *Id.* This email was sent twelve days before Knight filed his motion to

15  compel on September 27, 2022, and twenty days before the government sought the superseding

16  indictment from the grand jury. ECF Nos. 45, 50, 52. As the *Garza-Juarez* court found, "the timing

17  gives some support to the government's position" because "the government waited until [the

18  defendant] rejected the plea bargain and then sought the superseding indictment." *Garza-Juarez*,

19  992 F.2d at 907–08.

20      Although Knight had rejected the government's written plea offer in September 2021, the

21  communications between counsel indicate that the plea-bargaining process continued

22  throughout the year that followed. It was not until September 2022, when the government again

23  offered to negotiate and Knight declined, that plea negotiations concluded. And within twenty

24  days of the end of negotiations, the government followed through on its threat to seek an

25  additional charge.

26

1    The Ninth Circuit has recognized that during plea negotiations, "prosecutors may

2  threaten additional charges and carry through on this threat." *United States v. Noushfar*, 78 F.3d

3  1442, 1446 (9th Cir. 1996) (citing *United States v. North*, 746 F.2d 627, 632 (9th Cir.1984), cert.

4  denied, 470 U.S. 1058 (1985)). Although it cuts against the government that it sought the

5  heightened sentence after Knight filed his motion to compel, I heed the Supreme Court's urging

6  and allow deference to the prosecution, especially in light of the repeated warnings that it

7  would add a charge—should the case not resolve via negotiations—for almost a year before the

8  additional charge was sought before the grand jury. *See Brown*, 875 F.3d at 1240 (citations

9  omitted) ("Particularly when a vindictiveness claim pertains to pretrial charging decisions, the

10 Supreme Court urges deference to the prosecutor.").

11          **IV.      Conclusion**

12          IT IS THEREFORE ORDERED that the defendant's motion to dismiss **[ECF No. 56] is**

13 **DENIED**.

14          DATED: November 2, 2022

15

16          _____

17          Cristina D. Silva
            United States District Judge

18

19

20

21

22

23

24

25

26